JUDGE RAKOFF

07 CV 6296

Thomas M. Furth (TF 0785)
KUDMAN TRACHTEN ALOE LLP
350 Fifth Avenue, Suite 4400
New York, NY 10118
(212) 868-1010

Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**TAMARINDART, LLC**
**Plaintiff,**

**v.**

**TAMARIND GROVE LLC, Lakshmi Pratury, Shyamoli Banerjee, and Anu Sethuram,**
**Defendants.**

Civil Action No.:

## COMPLAINT

Plaintiff, TamarindArt LLC, by its attorneys, for its complaint against Defendants, states and alleges as follows:

## THE PARTIES

1. Plaintiff TamarindArt, LLC (hereinafter "Plaintiff" or "Tamarind") is a limited liability company of the State of New York with offices at 142 East 39th Street, New York, New York 10016.

2. Upon information and belief, Defendant Tamarind Grove LLC (hereinafter "Defendant" or "Tamarind Grove") is a limited liability company of the State of California with offices at 171 Main Street #253, Los Altos, CA 94022.

3. Upon information and belief, Defendant Lakshmi Pratury is an individual with a place of business at Tamarind Grove, 171 Main Street #253, Los Altos, CA 94022, and is founder of and a partner in Tamarind Grove LLC.

4. Upon information and belief, Defendant Shyamoli Banerjee is an individual with a place of business at Tamarind Grove, 171 Main Street #253, Los Altos, CA 94022 and is a partner in Tamarind Grove LLC..

5. Upon information and belief, Defendant Anu Sethuram is an individual with a place of business at Tamarind Grove, 171 Main Street #253, Los Altos, CA 94022 and is a partner in Tamarind Grove LLC.

**JURISDICTION AND VENUE**

6. This action arises under the United States Trademark Act, 15 U.S.C. §§ 1051-1127, and subject matter jurisdiction is based upon 28 U.S.C. § 1338.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district.

8. This Court has personal jurisdiction over the Defendants because, upon information and belief, they have, either directly or through one or more agents, regularly and systematically promoted the activities complained of herein in this judicial district.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**

9. Plaintiff is the owner of United States Trademark Application Serial No. 77218266 for the service mark **TamarindArt.**

10. Plaintiff has been and now is engaged in the business of providing services as an art gallery, museum, provider of live music concerts, and exhibition space, and meeting space for readings and cultural lectures and discussions, in interstate commerce, and has marketed such services under the trademark **TamarindArt**. Plaintiff has used the trademark **TamarindArt** in commerce since at least as early as December 2002. Plaintiff's services feature the culture of India and Plaintiff has become well known to collectors of Indian art and those interested in Indian culture. Plaintiff has advertised its services under the mark **TamarindArt**, and the trademark has become an asset of substantial value as a symbol of Plaintiff's unique and high quality services.

11. Defendants are, on information and belief, engaged in the business of promoting and selling services involving cultural, artistic, music and dance recitals and lectures which are similar to Plaintiff's services, under the mark "**Tamarind Grove**".

12. Defendants have promoted their services via the Internet using the URL www.tamarindgrove.com.

13. The use by Defendants of the confusingly similar mark **Tamarind Grove** for similar services and their use of the URL www.tamarindgrove.com causes a likelihood of confusion, deception and mistake, and is an infringement of Plaintiff's trademark rights in violation of 15 U.S.C. § 1125.

14. Plaintiff's trademark **TamarindArt** is associated with the cultural services emanating from Plaintiff. Defendants' interstate use of the deceptively similar mark **Tamarind Grove** and their use of the URL www.tamarindgrove.com constitutes a false designation of origin and constitutes the use of a false description or representation in interstate commerce.

15. Defendants' conduct is likely to deceive, cause mistake and confuse members of the public that Defendants' **Tamarind Grove** is associated with, sponsored by or authorized by Plaintiff.

16. Upon information and belief, the activities of Defendant Tamarind Grove LLC are directed and controlled by the individual Defendants, Lakshmi Pratury, Shyamoli Banerjee, and Anu Sethuram. Each of the individual Defendants has participated in and benefitted from the infringement of plaintiff's trademark rights.

17. Upon information and belief, the Defendants have frequently visited this district and have regularly and systematically conducted their infringing activities in this district by promoting the services of **Tamarind Grove** to potential consumers of their services who reside in this district.

18. Defendants' acts of trademark infringement have been and continue to be willful.

19. By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. § 1116 et seq.

20. Plaintiff has no adequate remedy at law.

21. Plaintiff has been injured in an amount not yet ascertained.

**COUNT II**
**COMMON LAW TRADEMARK INFRINGEMENT**

22. Plaintiff hereby incorporates by reference paragraphs 1 through 20 with the same effect as if they were here reproduced and realleged.

23. Defendants' use of the term **Tamarind Grove** in offering and promoting their services constitutes a violation of Plaintiff's trademark rights under the common law.

24. As a result of Defendants' acts, Plaintiff has been injured in an amount not yet ascertained.

**COUNT III**
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW**

25. Plaintiff hereby incorporates by reference paragraphs 1 through 23 with the same effect as if they were here reproduced and realleged.

26. Defendants' use of the term **Tamarind Grove** in offering and promoting their services is likely to result in injury to Plaintiff's business reputation and dilution of the distinctive quality of Plaintiff's trademarks within the meaning of § 360-l of the New York General Business Law. Plaintiff is therefore entitled to the relief set forth in said statute.

27. Defendants' use of the term **Tamarind Grove** in offering and promoting their services constitutes a deceptive act and practice within the meaning of § 349 of the New York General Business Law. Plaintiff is therefore entitled to the relief set forth in said statute.

28. Defendants' use of the term **Tamarind Grove** in offering and promoting their services constitutes false advertising within the meaning of §§ 350 and 350-A of the New York General Business Law. Plaintiff is therefore entitled to the relief set forth in said statutes.

29. As a result of Defendant's acts, Plaintiff has been injured in an amount not yet ascertained.

WHEREFORE, Plaintiff respectfully requests that this Court grant it a judgment:

A. Ordering that Defendants, their employees, servants, agents and all others acting in concert therewith be enjoined both preliminarily during the pendency of this litigation, as well as permanently thereafter from infringing the **TamarindArt** trademark of Plaintiff and/or using any other mark including but not limited to **Tamarind Grove** and the URL www.tamarindgrove.com which is a colorable imitation of Plaintiff's mark in such a manner that there is a likelihood of confusion as to the source of services in the minds of the purchasing public;

B. That Defendants be directed to file with this Court and serve on Plaintiff within 10 days after service of the preliminary injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

C. that Defendants be ordered to account for and pay over to Plaintiff all profits, gains and advantages wrongfully realized by them in pursuit of their acts of trademark infringement;

D. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' acts of unfair competition, including multiple damages in the amount of three times the damages sustained by Plaintiff pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117 and the New York General Business Law;

E. That Defendants be required to deliver up for impoundment or destruction all materials now in its possession which bear or display the **Tamarind Grove** mark or colorable imitations thereof, together with any and all plates, negatives or other reproduction items capable of printing, reproducing or duplicating the **Tamarind Grove** mark or colorable imitations thereof, and that they be required to relinquish registration of the URL www.tamarindgrove.com to Plaintiff.

F. That Defendants be required to pay Plaintiff's costs, expenses and reasonable attorney's fees in connection with this action pursuant to 15 U.S.C. § 1117and the New York General Business Law; and

G. That Plaintiff be awarded such other and further relief as to the Court may appear appropriate under the circumstances.

Dated: New York, New York
July 9, 2007

Respectfully submitted,

TAMARINDART, LLC

By: ______________________
Thomas M. Furth (TF 0785)
KUDMAN TRACHTEN ALOE LLP
Attorneys for Plaintiff
350 Fifth Avenue, Suite 4400
New York, NY 10118
(212) 868-1010